**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Nelson Joel Rabago Solano,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06453-PHX-MAA

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents state: "Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 7.)

But because Respondents do not address the issue of whether Petitioner was entitled to a pre-deprivation hearing before being detained, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475,

484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

(3) Contemporaneously with Petitioner's release, Respondents must return all of Petitioner's personal property, including his driver's license, Employment Authorization Document, and social security card.

(4) Respondents must provide a notice of compliance within **two days** of Petitioner's release.

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 22nd day of September, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge